IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEANA NICHOLS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:12-cv-860-BN |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Deana Nichols seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed and remanded.

**Background**

Plaintiff alleges that she is disabled as a result of major depressive disorder with psychotic features, post-traumatic stress disorder, bipolar disorder mixed with psychosis, anxiety disorder, and schizoaffective disorder. *See* Administrative Record [Dkt. No. 7 ("Tr.")] at 169, 265, 322, 417, 620, 745; Dkt. No. 13 at 18. After her applications for disability and supplemental security income ("SSI") benefits were denied initially, *see id.* at 96, and on reconsideration, *see id.* at 104, 107, Plaintiff requested a hearing before an administrative law judge ("ALJ"), *see id.* at 110. That hearing was held on May 12, 2009. *See id.* at 48. At the time of the hearing, Plaintiff was 49 years old. *See id.* at 51. She is a high school graduate, *see id.* at 51, and has past

work experience as a secretary and general clerk, *see id.* at 45, 53-54. Plaintiff has not engaged in substantial gainful activity since September 1, 2006. *See id.* at 41.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 46. The medical evidence established that Plaintiff suffered from substance abuse, depression, and obesity. *See id.* at 41. The ALJ concluded that, with substance abuse, the severity of those impairments would meet or equal an impairment listed in the social security regulations, but, absent substance abuse, the severity of those impairments would not meet or equal any listed impairment. *See id.* at 41-42. The ALJ further determined that, without substance abuse, Plaintiff had the residual functional capacity to perform the full range of light work but could not return to her past relevant employment. *See id.* at 43-46. Relying on the testimony of a vocational expert, the ALJ found that, without substance abuse, Plaintiff was capable of working as a final assembler, addresser, or cafeteria attendant -- jobs that exist in significant numbers in the national economy. *See id.* at 46.

Plaintiff appealed that decision to the Appeals Council. *See id.* at 32. The Council affirmed. *See id.* at 22.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff contends that the ALJ improperly rejected the opinions of her treating physician.

The Court determines that the hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is

conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

5

## Analysis

Plaintiff contends that the ALJ improperly rejected the opinion of her treating physician and instead relied on the opinion of the testifying medical expert, which led to an erroneous finding that Plaintiff had the severe impairment of substance abuse, which in turn tainted the disability determination. The ALJ gave the treating physician's opinion only limited weight because the treating physician allegedly failed to address the effects of Plaintiff's cocaine use, even though the treating physician opined that significant mental limitations would be present even without the use of drugs. Instead, in accordance with the medical expert's testimony, the ALJ found that Plaintiff's substance abuse was a contributing material factor to the disability determination and that, absent substance abuse, Plaintiff would not be disabled.

Plaintiff's medical records document a long history of mental illness. After her release from incarceration, Plaintiff was treated by Ardashes Mirzatuny, M.D., at Dallas Metrocare from 2007 through the end of 2010. Dr. Mirzatuny initially diagnosed Plaintiff with major depressive disorder, recurrent, with psychotic features, post-traumatic stress disorder ("PTSD"), and borderline personality traits and treated her with anti-depressants and anti-psychotic medication. *See* Tr. at 270. In April 2007, shortly after he began treating her, Dr. Mirzatuny expressed his opinion that Plaintiff was unable to work due to the severity of her symptoms. *See id.* at 263. Plaintiff was admitted to Green Oaks Hospital twice, *see id.* at 294-300, 409-14, and once transferred to Terrell State Hospital, where she was treated for nineteen days, *see id,* at 410, 417-53.

Plaintiff's medical records also include several references to substance abuse. In April 2007, one month after she first saw Dr. Mirzatuny, Plaintiff reported to Dallas Metrocare that she ran out of her prescription medication and used cocaine. *See id.* at 278. In May 2007, Plaintiff's mother called to inform Dr. Mirzatuny that Plaintiff was not doing well and was doing drugs. *See id.* at 290. And prior cocaine use is mentioned in the records from both Green Oaks Hospital, *see id.* at 295-96, and Terrell Hospital, *see id.* at 421.

A psychological consultative examination was performed by Barbara Fletcher, Psy. D., on August 13, 2007. *See id.* at 319-22. Dr. Fletcher described Plaintiff's symptoms of depression, suicidal thoughts, auditory hallucinations, and anxiety, and diagnosed Plaintiff with major depressive disorder, recurrent, with psychotic features, PTSD, and generalized anxiety disorder. *See id.* at 322. An updated psychological consultative examination was performed by Gerald Stephenson, Ph.D., on May 28, 2008. *See id.* at 463-69. Dr. Stephenson diagnosed Plaintiff with bipolar disorder and, even a month after her release from Terrell State Hospital, Dr. Stephenson described Plaintiff as fragile and quite unstable. *See id.* at 468. A State Agency medical consultation was performed by Michele Chappuis, Ph. D., in December 2007. *See id.* at 356-73. Dr. Chappuis diagnosed Plaintiff with major depressive disorder, recurrent, severe with psychotic features, and expressly did not find a substance abuse disorder. *See id.* at 356, 359.

In May 2009, Dr. Mirzaturny completed a Medical Assessment of Ability to Do Work-Related Activities (Mental) ("MMS"). *See id.* at 655-57. At that time, Dr.

Mirzaturny diagnosed Plaintiff with bipolar I disorder, most recent episode mixed, severe with psychotic features. *See id.* at 656. Dr. Mirzatuny opined that Plaintiff would have a substantial to extreme loss of ability to perform in regular, competitive employment. *See id.* at 655-56. He also answered "yes" to the question "Are this patient's underlying mental impairments severe enough to produce the limitations you have outlined above in this form regardless of the patient's alcohol and/or drug abuse, if any?" *Id.* at 657.[1]

Medical expert Barbara Felkins, M.D., testified at the administrative hearing. *See id.* at 74-80. Dr. Felkins emphasized that there were inconsistent statements in the medical record, including statements by Plaintiff about her substance abuse. Dr. Felkins concluded that Plaintiff's credibility was poor and that Plaintiff's symptoms could be attributed to noncompliance with medical treatment, substance abuse, or illegal activities. *See id.* at 77. Dr. Felkins acknowledged that Plaintiff may have an underlying mental disorder that may or may not be related to substance abuse. *See id.* But it was her opinion that Plaintiff's impairments met the listing for substance abuse only. *See id.*

---

[1] Plaintiff includes evidence concerning a medical evaluation and diagnosis submitted in a subsequent disability proceeding and the results of that hearing. *See* Dkt. No. 13-2. The Court has not considered that evidence in this proceeding because "each final decision of the [Commissioner] will be reviewed as a separate piece of litigation." *Frizzell v. Sullivan*, 937 F.2d 254, 257 (5th Cir. 1991); *see also Winston ex rel. D.F. v. Astrue*, 341 Fed. App'x 995, 998 (5th Cir. 2009) (holding determination in subsequent proceeding "is of no moment to the question of whether the prior application was meritorious *at the time of conisderation*.").

The ALJ found that Plaintiff had the severe impairments of substance abuse, depression, and obesity. *See id.* at 41. The ALJ noted the treating physician's opinion that Plaintiff would be unable to work due to major depression and stated that Dr. Mirzatuny's opinion was consistent with treatments records. *See id.* However, the ALJ gave the treating physician's opinion only limited weight because it failed to address the effects of cocaine use. *See id.* The ALJ likewise gave limited weight to the opinions of Melinda Huffman, APN [Tr. at 585] and Kevin Johnson, APN (who co-signed Dr. Mirzatuny's MMS) [*Id.* at 657] that Plaintiff was unable to work due to the symptoms of her mental illness because they also allegedly failed to address the effects of cocaine use. *See id.* at 41. The ALJ found that Plaintiff tended to downplay her substance use and agreed with the medical expert's opinion that substance abuse was a material factor that must be addressed. *See id.*

Under the Social Security Act, substance abuse precludes a finding of disability if it is a contributing factor material to the disability determination. *See* 20 C.F.R. § 404.1535; *Snodgrass v. Colvin*, No. 3:11-cv-219-P, 2013 WL 4223640, at *2 (N.D. Tex. Aug. 13, 2013). If there is evidence of substance abuse, the ALJ must determine whether the claimant would be found disabled if she stopped using alcohol or drugs. *See* 20 C.F.R. § 404.1535. The burden is on the Plaintiff to prove that her remaining impairments would be disabling. *See Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *Snodgrass*, 2013 WL 4223640, at *2. If the Plaintiff cannot show her remaining limitations would be disabling, a finding of not disabled is required. *See id.*

The ALJ determined that Plaintiff's impairments, including the substance abuse disorder, met the criteria for Medical Listing 12.04 for Affective Disorders and Listing 12.09 for Substance Abuse Disorders. *See* Tr. at 41-42; 20 C.F.R. Part 404, Subpart P, Appendix 1. With substance abuse, the ALJ found that Plaintiff had (1) moderate restrictions in daily living activities; (2) marked limitations in social functioning; and (3) marked difficulties in concentration, persistence, or pace. *See* Tr. at 42. However, without substance abuse, the ALJ found Plaintiff had (1) mild restrictions in daily living activities; (2) moderate limitations in social functioning; and (3) moderate difficulties in concentration, persistence, or pace. *See id.* Consequently, the ALJ found that, if Plaintiff stopped the substance abuse, the remaining limitations would cause more than a minimal impact on her ability to perform basic work activities and she would continue to have severe depression and obesity, but her impairments would not meet or medically equal the criteria of Listing 12.04. *See id.* The ALJ then determined that, if Plaintiff stopped the substance abuse, she retained the residual functional capacity ("RFC") for light work, with the following additional limitations: can only occasionally climb, balance, stoop, crawl, kneel, or crouch, and can only perform simple work that requires incidental interaction with the public or coworkers. *See id.* at 43. Because the ALJ found that Plaintiff would not be disabled if she quit using drugs and alcohol, she found that Plaintiff's substance abuse disorder was a contributing factor material to the determination of disability. *See id.* at 45, 46.

Plaintiff contends that the ALJ erred by giving less weight to the opinion of the treating physician than she did to that of the testifying medical expert. "The opinion

of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Id.* (internal quotations omitted). "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Id.* (internal quotations omitted). However, the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion" when good cause is shown. *Id.* at 455-56 (internal quotations omitted). An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

Social Security Administration ("SSA") Regulations provide that the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors that an ALJ must consider to assess the weight to be given to a treating physician's opinion when the ALJ determines that the opinion is not entitled to "controlling weight." 20 C.F.R. § 404.1527(d)(2). Specifically, this regulation requires consideration of:

(1) the physician's length of treatment of the claimant;

(2) the physician's frequency of examination;

(3) the nature and extent of the treatment relationship;

> (4) the support of the physician's opinion afforded by the medical evidence of record;
>
> (5) the consistency of the opinion with the record as a whole; and
>
> (6) the specialization of the treating physician.

*See id.* § 404.1527(c).

In *Newton*, the Fifth Circuit concluded that "an ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456. However, in decisions construing *Newton*, the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(d) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

The ALJ did not give the opinions of the treating physician great weight because the ALJ did not find Plaintiff's statements to health care providers about her substance use to be credible. *See* Tr. at 41. The ALJ also ignored the opinions of the consulting examiners and State agency medical consultant. *See id.* In support of her decision to give the treating physician's opinion less-than-controlling weight, the ALJ explained that Plaintiff told health care providers at Dallas Metrocare that she used drugs during the 1980s but that she was no longer using drugs on a regular basis. *See id.* at 41, 308. The ALJ contrasts that statement with records from Green Oaks Hospital,

which records indicate that Plaintiff underwent treatment for cocaine use from October 2006 to January 2007. *See id.* at 41, 295. The ALJ also refers to Plaintiff's statement to Dr. Fletcher during a consultative psychological examination that she does not use illicit drugs and has never had a drug problem. *See id.* at 41, 320-21.

But the ALJ failed to consider medical evidence indicating that the treating physician was familiar with Plaintiff's substance use. Plaintiff told Dr. Mirzatuny that she had used cocaine one week before her initial intake, *see id.* at 278, and Plaintiff's mother reported to Dallas Metrocare that Plaintiff was using drugs, *see id.* at 290. Furthermore, when Plaintiff told Dr. Mirzatuny that she had not used drugs since the 1980s, she also told him that she had run out of her prescription medication and had used powder cocaine. *See id.* at 308. The records from Green Oak Hospital, which note prior cocaine use, were in Dr. Mirzatuny's records. *See id.* at 313. And, in his MMS, Dr. Mirzatuny stated, without explanation, that Plaintiff would be limited by severe mental impairments regardless of alcohol or drug abuse. *See id.* at 657.

An ALJ's assessment of a claimant's credibility is accorded great deference. *See Newton*, 209 F.3d at 459. But, in this case, the ALJ's subjective doubts concerning the credibility of Plaintiff's statements to treating physicians, consultive examiners, and the State Agency medical consultant and the resulting effect of those statements on their diagnoses and opinions do not constitute good cause to reject the opinions of those physicians. All of those physicians diagnosed Plaintiff with various forms of mental illness, none of them diagnosed substance abuse, the treating physician knew about Plaintiff's drug use, he opined that Plaintiff's underlying mental impairments were

13

severe enough to produce the limitations he outlined in his opinion regardless of Plaintiff's alcohol and/or drug abuse, and the opinions of the consultative examiners and State Agency medical consultant were consistent with the treating physician's opinion.

Further, the ALJ failed to consider the factors set forth in Section 404.1527(c) in rejecting the opinions of Plaintiff's treating physician, and that failure was prejudicial error. *See* Tr. at 13. It is the ALJ's responsibility to weigh the evidence, and the undersigned is unable to say what the ALJ would have done at Step 3 or in determining the RFC had she weighed all relevant evidence of record. As another judge on this Court recently concluded in a similar case, "[t]he ALJ failed to perform the detailed analysis required by 20 C.F.R. §§ 404.1527 and 416.927. Had [the ALJ] conducted that analysis and properly considered and weighed the opinions of [Plaintiff's treating physician] there is more than a realistic possibility that he would have reached a different conclusion regarding the materiality of Plaintiff's drug and alcohol use to the disability determination."*Snodgrass*, 2013 WL 4223640, at *11.

Accordingly, the undersigned concludes that the case must be remanded for reconsideration of the medical evidence concerning the severity of Plaintiff's depression and whether Plaintiff's substance abuse was a contributing material factor to the disability determination and, absent substance abuse, Plaintiff would not be disabled.

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion. Plaintiff's

motion for summary judgment [Dkt. No. 12] is GRANTED, and the Commissioner's motion for summary judgment [Dkt. No. 14] is DENIED.

DATED: September 11, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE