IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEANA NICHOLS,                          §
                                        §
              Plaintiff,                §
                                        §
V.                                      §          No. 3:12-cv-860-BN
                                        §
CAROLYN W. COLVIN,                      §
Acting Commissioner of Social Security, §
                                        §
              Defendant.                §

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a Motion for Award of Attorney Fees Under 406(b) of the Social Security Act. *See* Dkt. No. 30. For the reasons explained below, the Court GRANTS the motion.

### Background

On March 22, 2012, Plaintiff Deanna Nichols filed a complaint seeking reversal and remand of the Acting Commissioner of Social Security's ("Commissioner") decision denying her claim for disability benefits and supplemental security income (SSI) under Title II of the Social Security Act. *See* Dkt. No. 1. On September 11, 2013, the Court reversed and remanded the case to the Commissioner for further proceedings. *See* Dkt. Nos. 19 & 20. Plaintiff then moved for, and was awarded, attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $7,038.53. *See* Dkt. Nos. 26 & 27.

On remand, the Commissioner rendered a decision in favor of Plaintiff and

awarded past-due benefits. *See* Dkt. No. 30 at 2. As provided by a contingency fee agreement, Plaintiff now seeks approval under Section 406(b) of the Social Security Act to pay her attorney fees in the amount of $23,739.98, which represents 25% of the past-due benefits she received. *See id.* at 2; Dkt. No.. 30-1 at 12.

The Commission timely filed a response, *see* Dkt. No. 31, and the motion is now ripe for decision.

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

2

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request on grounds that "she is not the true party in interest" but asks the Court to resolve the question of reasonableness. *See* Dkt. No. 31 at 1, 3. As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, her role resembles that of a "trustee" for the claimant. *See Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir.2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Questioning the reasonableness of the fees sought is consistent with this role.

The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See id.* Noting that Section 406(b) is not a fee-shifting statute, however, the Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379. *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward

3

adjustment is ... in order [to disallow windfalls for lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

With regard to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their

4

case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. *See* Dkt. No. 18 at 2.

Counsel's resulting hourly rate of $663.12 ($23,739.98 divided by 35.80 hours of attorney work devoted to the case) is slightly less than two times his regular hourly rate for non-Social Security matters of $350.00. *See* Dkt. No. 30 at 10. According to evidence submitted by Plaintiff's counsel, the median average hourly rate for an equity partner in Dallas was $463 in 2012. *See* Dkt. No. 30 at 11; Dkt. No. 30-1 at 23. An hourly rate of $663.12 falls below amounts that have been approved by courts as reasonable. *See, e.g.*, *Prude v. U.S. Comm'r, Soc. Security Admin.*, No. 11-cv-1266, 2014 WL 249033, at *2 (W.D. La. Jan.22, 2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to anything other than the attorney's own work"); *Claypool v. Barnhart,* 294 F. Supp. 2d 829, 833 (S.D. Va.2003) (awarding attorney's fees whose effective hourly fee was $1,433.12). Even in cases where courts found a fee reduction was warranted, they "reduced the fee to 2.5 times the rate normally charged by the attorney." *Jeter v. Comm'r, Soc. Sec.*, No. 2:06-CV-81, 2009 WL 909257, at *6 (W.D. La. Apr. 3, 2009) (collecting cases). The resulting hourly rate requested here, therefore, seems reasonable.

Moreover, counsel provided effective and efficient representation, expending over 30 hours drafting a motion for summary judgment and a reply brief. *See* Dkt. Nos. 13 & 15. Given the lack of success at the administrative level, counsel's success appears to be attributable to his own work. The fees requested reflect the favorable result obtained, given that Plaintiff recouped $94,959.90 in wrongfully-denied past-due benefits. *See* Dkt. No. 30 at 2; Dkt. No. 30-1 at 2. By the time that counsel represented Plaintiff in federal court, he had approximately 20 years of experience practicing almost exclusively in Social Security law. *See* Dkt. No. 31-1 at 7. The contingency fee requested in this case represents exactly 25% of the past-due benefits awarded to Plaintiff. *See* Dkt. No. 30 at 2; Dkt. No. 30-1 at 4. Finally, while certainly not determinative, the existence of a contingency fee agreement [Dkt. No. 30-1 at 12] indicates that Plaintiff consented to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381–82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the Court finds that the requested contingency fee award in the amount of $23,739.98 is reasonable and should be granted. Plaintiff was previously awarded attorneys' fees pursuant to the EAJA. *See* Dkt. No. 27. Given the overlap between the EAJA and Section 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831, 837-39 (5th Cir. 2010). Here, counsel represents that he will "promptly refund the amount of the lesser fee for the same services to Plaintiff." Dkt. No. 30 at 12.

6

**Conclusion**

The Court GRANTS Plaintiff's Motion for An Award of Attorney Fees under 406(b) of the Social Security Act [Dkt. No. 30] and awards counsel$23,739.98 in attorneys' fees pursuant to 42 U.S.C. § 406(b).

DATED: June 5, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE